Ogle et al. v. Murray.

<hr />

## DAVID OGLE ET AL.

### v.

## D. HILLEARY MURRAY.

LIEN FOR MATERIALS — DECREE.—In proceedings to enforce a lien for materials furnished, if there are other creditors or incumbrancers the court should find the amount due each creditor, and direct the application of the proceeds of the sale to be made to each in proportion to their several amounts.

Ogle et al. v. Murray.

ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. WILLIAM WINKELMAN, for plaintiff in error; that the decree should have shown the amount due each creditor and directed the proceeds of sale to be applied to each in proportion to their amounts, cited Rev. Stat. Chap. 82, § 17; Lunt v. Stephens, 75 Ill. 507; Tracey v. Rogers, 69 Ill. 662; Croskey v. N. W. M'f'g Co. 48 Ill. 481; Croskey et al. v. Corey et al. 48 Ill. 442.

The interest of plaintiff in error was fully set out in the petition, and should have been protected the same as if he had appeared and answered the petition: Judson v. Stephens et al. 75 Ill. 255.

Mr. L. B. KRAFFT and Mr. R. A. HALBERT, for defendant in error; as to the finding of the court, cited Topping et al. v. Brown, 63 Ill. 348.

ALLEN, J. Defendant in error filed his petition for material lien, charging that Taylor contracted with him for lumber, to be used on buildings situated on lot 5, block 2, in the city of Belleville, of which Taylor was owner. The petition further charges that lumber was furnished between May 6th, and July 1st, 1875. Petition charges that Taylor and wife, on the 28th of April, 1875, executed a deed of trust on said lot No. 5, to Charles W. Thomas as trustee of David Ogle, to secure a note for $1,500, given by Taylor to Ogle. Petition makes David Ogle defendant with others. Upon a hearing the court found due defendant in error the sum of $153.63. The court further found that David Ogle held a trust deed, as stated in petition, to secure $1,500 and interest thereon. The court further found that the increased value of the lot by reason of material furnished was $250, and that the total value of the premises was $2,500. The court also found that the People's Bank of Belleville and Jane T. Hinkley had liens paramount to the trust deed of Ogle, and upon these findings decreed that the said Taylor pay defendant in error in thirty days the $150.63 found

due him, and that in default the Master in Chancery advertise and sell the lot aforesaid, and that out of the proceeds he pay first, the cost; then to defendant in error $150.63, and that he bring the surplus, if any, into court. The record shows a sale by Master under decree to defendant in error for $193.60—$40.65 of which was applied to payment of costs, and balance to the payment of defendant's decree. In this decree there is manifest error. Chapter 82, § 15, provides: " That the court shall ascertain the amount due each creditor, and shall direct the application of the proceeds of sales to be made to each in proportion to their several amounts." In this decree the court fails to find the amount due Ogle on his note secured by trust deed, and failed to direct the application of the moneys arising from the sale by the Master to the payment of Ogle's debt, or any part of it.

From the finding of the court as to the original amount of the Ogle debt, we are led to believe the clerk or some one else has omitted to insert some portion of the finding of the court, and of that portion of the decree which directs the Master as to the disposition of the funds arising from the sale.

For these errors the decree of the Circuit Court must be reversed and the cause remanded.

Reversed and remanded.